UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLTON VOSE, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 24-00116-WES |
| : | |
| ADULT CORRECTIONAL INSTITUTE, and : | |
| CAROLE DWYER, in her official capacity : | |
| as Warden of the Adult Correctional Institute, : | |
|     Defendants. : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In this case that seeks declaratory and injunctive relief to redress the alleged denial of access to the courts based on inadequate prison law library time, *pro se*[1] Plaintiff Carlton Vose, a prisoner in the custody of Rhode Island Department of Corrections ("RIDOC"), has filed a motion "for preliminary order," ECF No. 10, effectively asking for a preliminary injunction prohibiting Defendants from canceling scheduled law library sessions for any reason, including an institutional emergency or staffing issues caused by illness, interfering with prison operations by ordering that Plaintiff must be permitted to attend the library during all out-of-cell time, and requiring the prison to accept deposits in Plaintiff's prison account from any person without regard to RIDOC policy that limits deposits to those from persons who are authorized visitors. To support his prayer for such extraordinary relief, Plaintiff has filed a conclusory affidavit averring that during May 2024 law library access was canceled thirteen of twenty times, that he

---

[1] While Plaintiff is a *pro se* litigant, the Court is aware that Plaintiff was an attorney licensed to practice in Massachusetts; his longstanding and unsuccessful "legal battle" to be admitted to practice in Rhode Island is described in In re Vose, 93 A.3d 33, 34-38 (R.I. 2014) (per curiam). Nevertheless, the Court has strived to afford him appropriate leniency, particularly with regard to filing deadlines. See Vose v. Tang & Maravelis, P.C., C.A. No. 22-00434-MSM-PAS, 2024 WL 1604715, at *5 n.12 (D.R.I. Apr. 12, 2024) (court considers that litigant was trained as attorney and affords latitude as *pro se* filer).

was denied access to the law library on May 8, 2024, that his "approved contacts" were blocked from depositing money into his account and that he has experienced injury in that he missed a filing deadline in his appeal pending in the First Circuit from a District Court decision. ECF No. 10-1 at 1.

In response, Defendants have filed three declarations (ECF Nos. 14-1, 14-2, 14-6) establishing facts based on which they persuasively argue that Plaintiff has failed to demonstrate likelihood of success on the merits because he has failed to exhaust administrative remedies[2]; because he has failed to demonstrate any cognizable injury, never mind irreparable harm, particularly where he has had ample access[3] to the law library, has been afforded extensions in the only case mentioned in his motion, and misinterpreted a recent memorandum, which actually expanded law library access; and that he is simply wrong in alleging that he has no one eligible to deposit money into his inmate account in that he has an authorized visitor who may make deposits. Based on the facts established by the declarations, Defendants also argue that the balancing of the equities, the public interest and the requirements of the Prison Litigation Reform Act ("PLRA") all tip decisively against the granting of the motion.

Plaintiff's reply was due on August 1, 2024. As of this writing, no reply has been filed, although a motion to extend time to reply was filed yesterday. It is addressed *infra*.

Plaintiff's preliminary injunctive relief motion has been referred to me for report and recommendation. See 28 U.S.C. § 636(b)(1). For the reasons that follow, I recommend that it be denied.

---

[2] Defendants' motion to dismiss based on this deficiency is pending. ECF No. 17.

[3] Plaintiff signed into the law library twenty-seven times over a slightly more than three-month period; that is, excluding weekends, Plaintiff was in the law library on approximately a third of the days during the period examined by the affiant. See ECF No. 14-2 ¶¶ 5-6.

I.     **Standard of Review**

The purpose of interim injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is to preserve the *status quo* and prevent irreparable harm before the merits of a case have been resolved.  See Francisco Sánchez v. Esso Standard Oil Co. (P.R.), 572 F.3d 1, 19 (1st Cir. 2009); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  To the extent that an injunction seeks to do more than preserve the *status quo*, as Plaintiff is seeking here, the motion is subject to heightened scrutiny; a mandatory injunction should not issue unless the facts and the law clearly favor the moving party.  Mass. Coal. of Citizens with Disabilities v. Civil Def. Fund, 649 F.2d 71, 76 n.7 (1st Cir. 1981) (mandatory preliminary injunctions should be granted only "when the exigencies of the situation demand such relief").  An injunction requires a relationship between the injury claimed in the motion and the conduct asserted in the complaint.  Devose, 42 F.3d at 471.  Assertions that are entirely different from the claims raised and relief requested in a complaint cannot provide the basis for a preliminary injunction.  Id.

Once the necessary relationship between the motion and the complaint is established, the moving party faces the familiar four-part standard for preliminary relief: (1) substantial likelihood of success on the merits, (2) significant risk of irreparable harm if the injunction is withheld, (3) favorable balance of hardships, and (4) lack of friction between the injunction and the public interest.  Harris v Wall, 217 F. Supp. 3d 541, 552-53 (D.R.I. Nov. 18, 2016).  Likelihood of success on the merits is the most important factor.  Id. at 553.  Preliminary injunctive relief is an "extraordinary and drastic remedy."  Id. at 552.

Pursuant to the PLRA, 18 U.S.C. § 3626, Plaintiff's status as a prisoner triggers an additional and significant restriction on the availability of interim injunctive relief.  See Harris,

217 F. Supp. 3d at 553-54.  The PLRA provides that the court shall not enter a temporary restraining order or preliminary injunction unless it finds that the injunctive relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Further, the court considering an interim injunction "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief."  Id.  In addition, the court must respect principles of state and federal comity.  Id.  In interpreting the text of § 3626, courts must be guided by Congress's "ambient intent" to curb the involvement of the federal judiciary in the day-to-day management of prisons.  Morales Feliciano v. Rullan, 378 F.3d 42, 50 (1st Cir. 2004).  Under the PLRA, preliminary injunctive relief automatically expires after ninety days unless the court makes specific findings supporting an extension.  18 U.S.C. § 3626(a)(1)-(2).

**II.     Analysis and Recommendation**

Plaintiff's motion stumbles badly at the first and most important step in the analysis – substantial likelihood of success on the merits.

For starters, Plaintiff fails to clear a threshold barrier.  Defendants' declaration establishes that Plaintiff has failed to exhaust administrative remedies in that he failed to file any grievances, which is a mandatory prerequisite to this suit.  See Porter v. Nussle, 534 U.S. 516, 524 (2002).  "The statute's requirements are clear: if administrative remedies are available, the prisoner must exhaust them" and courts are not free "to engraft upon the statute an exception that Congress did not place there."  Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000).  Based on Plaintiff's failure to avail himself of RIDOC's grievance procedure, his case is subject to dismissal for failure to exhaust administrative remedies.  See id.; see also Riley v. Antonelli, C.A. No. 19-

00468-WES, 2020 WL 129057, at *1-2 (D.R.I. Jan. 10, 2020), adopted by text order (D.R.I. Feb. 18, 2020) (*pro se* complaint dismissed for failure to exhaust administrative remedies pursuant to PLRA).

More substantively, Plaintiff's claim is not likely to succeed on the merits because Plaintiff has not shown an actual injury by demonstrating that "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis v. Casey, 518 U.S. 343, 352-53 (1996). Nor can he show that he has specifically been impeded in his ability to prosecute a claim challenging his criminal sentence or his conditions of confinement, which the Supreme Court has held is the limit of a cognizable claim of unconstitutional denial of access to the courts. See id. at 354-55. Thus, while Plaintiff alleges that he missed two filing deadlines for his brief in the First Circuit, ECF No. 10-1 ¶ 3,[4] as Defendants point out and the docket for Plaintiff's appeal confirms, to the extent that he struggled with deadlines, he moved for two extensions, both of which motions were granted; in June 2024, he was successful in timely filing a sixty-five page brief with a Table of Authorities and over sixty pages of exhibits. See Appellant's Br., Vose v. Kilmartin, No. 24-1066 (1st Cir. June 28, 2024). Nor can he rely on the need to seek two extensions to substitute for the requisite injury. Thus, the law is clear – the mere fact that prison conditions caused a litigant to seek several extensions does not amount to an "actual, meaningful impediment" to Plaintiff's ability to participate in the courts. Sowell v. Vose, 941 F.2d 32, 35 (1st Cir. 1991).

---

[4] Not mentioned in Plaintiff's motion for preliminary injunction are two other cases that Plaintiff has argued have been adversely impacted by RIDOC's denial of his constitutional right of access to the courts. See, e.g., Pl. Mot. for Sanctions at 1, Vose v. Neronha, 23-cv-84JJM (D.R.I. Apr. 11, 2024), ECF No. 49; Pl. Mot. for Extension, Vose v. Tang & Maravelis, P.C., 22-cv-434JJM (D.R.I. Mar. 7, 2024), ECF No. 20. Defendants nevertheless have addressed these cases, only one of which deals with conditions of confinement. As to that case, Vose v. Neronha, 23-cv-84JJM, Plaintiff has been successful in presenting a motion for summary judgment, which has been under advisement since oral argument on July 24, 2024. As to the other, Vose v. Tang & Maravelis, P.C., 22-cv-434JJM, Plaintiff has been successful in filing a motion for partial summary judgment comprising fifty-one pages of material. See Pl. Mot. for Partial Summ. J., Vose v. Tang & Maravelis, P.C., 22-cv-434JJM (D.R.I. Aug. 14, 2024), ECF No. 34. Thus, these cases do not support Plaintiff's claim of actual injury caused by the limits on the time he can spend in the law library.

Finally, Defendants' declaration about library access sets out the facts regarding Plaintiff's use of the law library, which establishes that he has enjoyed ample access. ECF No. 14-2. Indeed, as Defendants point out, Plaintiff's access to the law library since his transfer from intake to Medium Security has exceeded the number of hours he incorporated as the "standard" in his original complaint, except for closure due to illness or staffing issues. ECF No. 14 at 18. Defendants have further established that, even during such emergencies, Plaintiff can still submit requests for legal materials and can seek further relief if he has a deadline (a "demonstrated emergenc[y]") coming up in a case. ECF Nos. 14 at 19; 14-3. Nor does Plaintiff's complaint about being allowed to use the library during recreation time, forcing him to choose how to spend his time, evidence an actionable limitation on access in the circumstances presented here. Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007) (no constitutional violation where prisons offer inmates combined recreation and library time).

Plaintiff has included in his motion a claim that appears to be collateral to the claim in his complaint – that he cannot receive deposits from friends into his inmate account. This claim fails because it transgresses the principle that there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. Devose, 42 F.3d at 471. As to the merits of this claim, it fails because Defendants have established that RIDOC policy permits deposits by any person authorized as a visitor and that Plaintiff has one such person. ECF Nos. 14-5 at 2; 14-6 ¶ 6.

With no claim of merit, the Court's analysis could stop here. However, I pause to note that the analysis above also suffices to establish that Plaintiff has failed to present competent evidence of any cognizable harm, never mind irreparable harm. I further find that the balancing of the equities and the public interest tip also decisively against the requested injunction,

6

particularly where the order Plaintiff seeks would seriously run afoul of the PLRA's mandate that "courts must be guided by Congress's 'ambient intent' to curb the involvement of the federal judiciary in the day-to-day management of prisons." Harris, 217 F. Supp. 3d at 553-54 (quoting Morales Feliciano, 378 F.3d at 50).

      A coda: As noted *supra*, with respect to his motion for an injunction, Plaintiff's reply to Defendants' opposition was due on August 1, 2024. Mindful of Plaintiff's *pro se* status, the Court delayed addressing the motion for an injunction for four weeks. As of this writing, Plaintiff has failed to file a reply. Then, as this report and recommendation was being finalized, the Court became aware that yesterday (on August 28, 2024), Plaintiff filed a motion to extend time to respond to an array of pending matters, including this motion for an injunction.[5] ECF No. 21. With respect to this motion, the motion to extend time was signed well out of time, on August 20, nineteen days after Plaintiff's opposition was due. Further, while it has not been referred to me, I have carefully reviewed the motion to extend. As pertinent to the appropriateness of the extraordinary injunction Plaintiff seeks, it adverts to Plaintiff's claimed access issues and acknowledges that Plaintiff has used the library as averred by RIDOC but asserts that he should have been given more access (he contends he should be afforded access seven days a week, including weekends and holidays); it states that Plaintiff's primary problem has been getting his court filings typed; and it concedes that, as a trained attorney, Plaintiff is able to direct other inmates to procure the information he needs from the law library.[6] ECF No.

---

[5] As of this writing, the motion to extend time has not yet been referred to me.

[6] Plaintiff's motion to extend also claims that, because of the challenge in getting filings typed, in one of his cases, the "process [of preparing a motion for summary judgment] took an incredible nine months to prepare." ECF No. 21 at 2 (emphasis in original). This appears to be false. The only case in which Plaintiff filed a motion for summary judgment that implicates his "criminal sentence or his conditions of confinement," Lewis, 518 U.S. at 352-53, is Vose v. Neronha, 23-cv-84JJM. In that case, the public docket reveals that Plaintiff's amended petition was filed on January 3, 2024, and he advised the Court of his intent to file a motion for summary judgment on February 1, 2024. The summary judgment motion itself was filed four weeks later. 23-cv-84JJM, ECF No. 38.

7

21 at 2. With regard to Plaintiff's preference for filing typed rather than handwritten documents, I find that this does not result in any cognizable injury in that Plaintiff has demonstrated that he has the ability to file clear and easily readable handwritten submissions that the Court is readily able to consider. See Duarte v. Frane, Civil Action No. 23-11009-NMG, 2023 WL 5179250, at *2 (D. Mass. Aug. 11, 2023) ("prisoners 'ha[ve] no right to a typewriter to prepare their legal documents where the court rules permit[ ] pro se litigants to hand-write their pleadings'") (quoting Phillips v. Hust, 588 F.3d 652, 656 (9th Cir. 2009)) (alterations in original). Based on the foregoing, as least as to Plaintiff's motion for an injunction, which by its nature is based on the need for emergent relief,[7] I find that there should be no further delay. I further find that, considering the factual representations in the motion to extend as if all of them had been presented in a sworn statement, nothing in the motion to extend and the supporting affidavit alter my recommendation.

### III.     Conclusion

Based on the foregoing, I recommend that Plaintiff's motion for preliminary injunctive relief (ECF No. 10) be DENIED. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma,

---

[7] Preliminary injunctions are "generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights" and "[d]elay in seeking enforcement of those rights . . . tends to indicate at least a reduced need for such drastic, speedy action." Akebia Therapeutics, Inc. v. Azar, 443 F. Supp. 3d 219, 231 (D. Mass. 2020), aff'd, 976 F.3d 86 (1st Cir. 2020); accord Sassman v. Brown, 73 F. Supp. 3d 1241, 1252 (E.D. Cal. 2014) (prisoner's "own delay . . . undermine[d] his argument that he is likely to suffer imminent irreparable injury"; motion for preliminary injunction denied due to lack of likelihood of irreparable harm absent injunction).

Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 29, 2024