UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CARLTON VOSE,                                    :
           Plaintiff,                    :
                                          :
    v.                                        :        C.A. No. 24-00116-WES
                                          :
ADULT CORRECTIONAL INSTITUTE, and                :
CAROLE DWYER, in her official capacity            :
as Warden of the Adult Correctional Institute,    :
           Defendants.                   :

**ORDER TO SHOW CAUSE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This case was filed while *pro se* Plaintiff Carlton Vose was a prisoner in the custody of the Rhode Island Department of Corrections ("RIDOC"). In this case, Plaintiff seeks declaratory and injunctive relief to redress the alleged denial of access to the courts and cruel and unusual punishment based on inadequate prison law library time, including that prison law library time overlaps with prison recreation time. The motion to dismiss of Defendants Adult Correctional Institute ("ACI") and Carole Dwyer, in her official capacity as Warden of the Intake Service Center of the ACI, is currently pending.

On October 30, 2024, Plaintiff filed a notice of address change signed on October 2, 2024, advising the Court that he would no longer be incarcerated at the ACI as of this date, but is moving to Florida. Confirming that Plaintiff is no longer in RIDOC custody is that the ACI's public inmate list no longer includes Plaintiff. See Inmate Search, RIDOC, https://doc.ri.gov/inmate-search. The Court further notes that, on October 1, 2024, the Rhode Island Superior Court entered an order dismissing the two remaining criminal cases asserting unresolved charges against Plaintiff.[1] Because Plaintiff is no longer at the ACI, is no longer in

_____

[1] As far as the Court is able to ascertain, only post-conviction relief proceedings remain open.

RIDOC custody, is now maintaining an address in Florida, and has no pending criminal charges in Rhode Island, this case for declaratory and injunctive relief would appear to be moot and subject to dismissal.  See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) ("A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release."); Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim."); Smith v. Adm'r of Bridgewater State Hosp., Civil Action No. 20-12055-IT, 2021 WL 185545, at *1-2 (D. Mass. Jan. 19, 2021) (action dismissed because claimant's release from custody moots claim of lack of access to law library and recreation).

Based on the foregoing, Plaintiff is ordered to show cause in a writing that must be filed within twenty-one days of the date of this Order why this case should not be dismissed without prejudice as moot.  Defendants shall file their written response within two weeks after they are served with Plaintiff's written show cause response.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 31, 2024